Filed 7/25/25  Andrade v. U. of Southern Cal. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| EMANUEL ANDRADE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA, et al., <br><br> Defendants and Respondents. | B338535 <br><br> (Los Angeles County Super. Ct. No. 18STCV00720) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge. Affirmed.

Emanuel Andrade, in pro. per., for Plaintiff and Appellant.

Carlson & Jayakumar, Keith W. Carlson and Nima A. Jalali for Defendants and Respondents.

## INTRODUCTION

Plaintiff Emanuel Andrade appeals from a judgment entered after the trial court confirmed an arbitration award in favor of University of Southern California and Trishia Phan (collectively, USC), and granted USC's motion for summary judgment on Andrade's sole remaining cause of action in the superior court for penalties under the Private Attorneys General Act (PAGA).  As discussed below, Andrade's opening brief fails to articulate a coherent legal argument challenging the judgment. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Emanuel Andrade filed a complaint in the superior court against USC alleging claims arising out of his employment with USC, and for penalties under PAGA.  The parties then stipulated to stay the action in its entirety and submit it to binding arbitration based on their written arbitration agreement.  The stipulation further provided, however, that the court would retain jurisdiction over the PAGA cause of action, which would be stayed pending the conclusion of the arbitration.

The arbitration took place in October 2022, and on February 28, 2023, the arbitrator issued a final award in favor of USC.  In a 22-page written ruling, the arbitrator found Andrade "failed to meet his burden of proof to establish any violations by USC of the Fair Employment and Housing Act, the California Family Rights Act, the Labor Code, the [Unfair Competition Law], or any other common law employment violations."  USC subsequently filed a petition to confirm the arbitration award in the superior court, which the court granted.  The court further

2

ordered that "[j]udgment in accordance with [the] award will be entered after the PAGA claim is resolved in the superior court."

On December 29, 2023, USC moved for summary judgment on the remaining PAGA claim. USC argued Andrade lacked standing to bring a PAGA claim because he did not prevail on any of his Labor Code claims against USC in arbitration; thus, Andrade is not an "aggrieved employee" for purposes of PAGA.[1] Andrade did not oppose the motion. The court granted USC's motion, concluding Andrade lacked standing to pursue his PAGA cause of action.

On March 19, 2024, the court entered judgment in favor of USC. Andrade timely appealed from the judgment.

## DISCUSSION

It is a fundamental rule of appellate review that a trial court's order or judgment is presumed correct, and the appellant bears the burden to demonstrate prejudicial error. "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) All contentions of error asserted in appellant's brief must include coherent analysis and discussion, supported by pertinent authority reflecting the logical and legal analysis by which the appellant reached the conclusions he urges

---

[1] Only an aggrieved employee has PAGA standing. (Lab. Code, § 2699, subd. (a); *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81.) An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (Lab. Code, § 2699, subd. (c).)

3

us to adopt. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.)

Andrade's opening brief is seriously deficient. Not only does his brief fail to comply with the content and formatting requirements of the California Rules of Court (see Cal. Rules of Court, rule 8.204(a) & (b)), but it does not articulate any intelligible legal argument challenging the judgment. The brief does not even include a separate argument section. Rather, Andrade's brief contains headings for "factual history" and "procedural history"—neither of which accurately reflect the points stated below the headings. For example, under the "factual history" heading, Andrade seemingly rehashes allegations he made in the arbitration regarding alleged discrimination and retaliation.[2] To the extent he is attempting to relitigate his claims in the underlying arbitration, Andrade is precluded from doing so. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6 ["[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties"].) Under the heading "procedural history," Andrade argues his attorney "misrepresented [him]" and "did not present all the proof and evidence [he] gave his firm for [his] case." Andrade further asserts that he asked the trial court for "an extension to get a new lawyer [but] she denied [his] rights." We reject these assertions as not supported by the record.

We acknowledge that Andrade is representing himself without the benefit of an attorney, but his status as a self-

---

[2]      The first page of Andrade's brief includes the "Statement of Case," which is largely duplicative of the "factual history."

4

represented litigant does not exempt him from the rules of appellate procedure or relieve him of the obligation to present an intelligible argument supported by legal authority.  He is entitled to " 'the same, but no greater consideration than other litigants and attorneys.  [Citation.]' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, fn. omitted [self-represented litigant is bound by the "same restrictive rules of procedure as an attorney"].)  We therefore conclude Andrade failed to meet his burden of establishing prejudicial error.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 947–951.)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

MORI, J.